**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**SHERIKA BANKS,**

      **Petitioner,**

      **v.**

**WARDEN, FRANKLIN**
**MEDICAL CENTER,**

      **Respondent.**

            **CASE NO. 2:11-CV-1117**
            **JUDGE GEORGE C. SMITH**
            **Magistrate Judge Elizabeth A. Preston Deavers**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the instant petition, Respondent's *Return of Writ,* Respondent's *Supplemental Response*, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

**Facts and Procedural History:**

The Ohio Fifth District Court of Appeals summarized the facts and procedural history of this case as follows:

> On October 30, 2009, Appellant was indicted by the Fairfield County Grand Jury on four counts: trafficking in 1 to 25 grams of crack cocaine, as both a principal and for complicity, a second degree felony; possession of 10 to 25 grams of crack cocaine, a second degree felony, as both a principal and for complicity; trafficking in an unspecified amount of crack cocaine, a fifth degree felony; and permitting drug abuse, a fifth degree felony, for knowingly permitting a 2008 Chrysler motor vehicle to be used for the commission of a drug offense.
>
> The matter proceeded to a jury trial on February 2, 2010. At trial, the State introduced evidence the Fairfield–Hocking Major Crimes Unit (MCU) employed a confidential informant, Danny Wilson, to purchase crack cocaine from suspected drug traffickers. Wilson

had worked as a paid informant for approximately three years, and had a prior criminal history of trafficking in drugs.

On May 22, 2010, Wilson participated in a "buy/bust" in which he was paid to arrange a purchase of crack cocaine. Wilson made a phone call to Ronnell Leeper arranging to purchase $150 worth of crack cocaine. Wilson made arrangements to meet Leeper at a BP gas station in Lancaster, Ohio. Leeper, told Wilson he would find him at the BP and pick him up. Prior to the meeting, Wilson was outfitted with a wireless transmitter.

Officers of MCU maintained visual contact with Wilson during the pick-up, and observed him enter the rear passenger side of a silver Chrysler sedan. This same Chrysler vehicle was later located outside a private residence in Lancaster.

The officers remained outside the residence while Wilson went inside. Eventually, the Chrysler left the residence and officers of MCU initiated a stop of the vehicle.

Leeper was found in the front passenger seat of the vehicle. Appellant was found in the driver's seat. Wilson was in the back seat of the car. The officers found rocks, believed to be crack cocaine, in Wilson's hand. A plastic bag containing similar rocks believed to be crack cocaine was found in the car. Officers also found other contraband on Leeper's person, including crack cocaine, pills and money.

The items seized as a result of the arrest were received by Jennifer Meadows, the property room manager for the Lancaster Police Department, on May 28, 2009. Meadows testified at trial she was unable to account for the whereabouts of the drugs from May 22, 2009 to May 28, 2009, although she believed they were in the custody of MCU and among the confiscated property.

Pursuant to a negotiated plea agreement, Leeper testified against Appellant, stating he paid her to drive him from Columbus to Lancaster. He testified she concealed cocaine in her crotch while they were driving in case they got pulled over. The confidential informant, Danny Wilson, also testified to witnessing Appellant pull drugs out of her pants.

The jury returned guilty verdicts on all four counts of the indictment. The State agreed to merge the two second degree felony offenses for trafficking and possession of the same 10 to 25

2

> grams of crack cocaine for sentencing. The State elected to
> sentence on the trafficking charge. The trial court imposed a
> mandatory two year sentence on the second degree trafficking
> offense and six months for each of the two fifth degree felonies to
> be served concurrent to each other, but consecutive to the
> mandatory two year term on the second degree trafficking. A five
> year term of community control was also imposed.

*State v. Banks*, No. 10-CA-36, 2011 WL 3305383, at *1-2 (Ohio App. 5th Dist. July 25, 2011).

Petitioner asserted on direct appeal that she had been denied effective assistance of counsel

because his attorney failed to impeach the credibility of Danny Wilson, the confidential

informant, and failed to object to the introduction of other acts evidence. Petitioner additionally

asserted that the trial court erred in denying her motion for judgment of acquittal, because there

was insufficient evidence to sustain her convictions, her convictions were against the manifest

weight of the evidence, and the State failed to establish a proper chain of custody.  *See id*.  On

July 25, 2011, the state appellate court affirmed the judgment of the trial court.  *Id*.  Petitioner

filed a timely appeal to the Ohio Supreme Court.  He asserted that he had been denied the

effective assistance of appellate counsel because his attorney failed to raise on appeal the issues

he requested to be raised; however, he did not identify any of the issues his attorney should have,

but did not, raise on direct appeal.  *See Exhibit 16 to Return of Writ*.  On December 21, 2011, the

Ohio Supreme Court dismissed Petitioner's subsequent appeal.  *State v. Banks*, 130 Ohio St.3d

1495 (2011).

On February 7, 2012, Petitioner filed an application to reopen the appeal pursuant to

Ohio Appellate Rule 26(B).  She asserted that she had been denied effective assistance of

appellate counsel because her attorney failed to raise on appeal a claim that she had been denied

the right to testify on her own behalf; that the trial court erred by failing to strike testimony of

Leeper and Wilson; and that the trial court erred by permitting Leeper to lie under oath.  *See*

*Exhibits 18, 19 to Return of Writ.*  On February 28, 2012, the appellate court denied Petitioner's Rule 26(B) application as untimely.  *Exhibit 20 to Return of Writ*.  Petitioner apparently never filed an appeal to the Ohio Supreme Court.  *See Respondent's Supplemental Response*.

On November 3, 2011, Petitioner filed a *pro se* motion in the trial court, requesting the trial court to reconsider or stay imposition of sentence.  *Exhibits 21, 22 to Return of Writ*.  On November 10, 2011, the trial court denied the motion.  *Exhibit 23 to Return of Writ*.[1]

On December 14, 2012, Petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  She asserts she is in the custody of the Respondent in violation of the Constitution based on the following ground:

> My lawyer refused to let me testify in my trial. A witness from my trial admitted that everything he testified to was a lie and it was threw [sic] out. The other witness admits to lying in a letter. I never knew he had drugs on him, and no drugs or money were ever found on me. I told the judge the whole story and that my attorney wouldn't let me testify and he ignored, as well as he ignored the prosecutor helping the witnesses with there testimony. I was falsely convicted, railroaded. Now I'm away from my three small kids for a crime I did not commit. Bottom line is I need help, I was falsely, wrongfully convicted of these crimes I did not commit, now I'm in prison distressed and away from my three small children, pregnant, on crimes I had nothing to do with and I didn't commit.

It is the position of the Respondent that all of Petitioner's claims are procedurally defaulted.

**Procedural Default:**

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and

---

[1] On February 8, 2012, Petitioner filed a Notice of Appeal and Motion for Delayed appeal in the Ohio Fifth District Court of Appeals.  Exhibits 24, 25 to Return of Writ.  This Court is unable to determine from the record whether the appellate court ever ruled on Petitioner's motion; however, as discussed, Petitioner already had his first appeal of right.

federal courts, a state criminal defendant with federal constitutional claims is required fairly to present those claims to the highest court of the state for consideration. 28 U.S.C. § 2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present the claims, his petition is subject to dismissal for failure to exhaust state remedies. *Id.; Anderson v. Harless*, 459 U.S. 4, 6 (1982) (*per curiam*); *Picard v. Connor*, 404 U.S. 270, 275–76 (1971). If, because of a procedural default, the petitioner can no longer present his claims to a state court, he has also waived them for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Murray v. Carrier*, 447 U.S. 478, 485 (1986); *Engle v. Issac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

In the Sixth Circuit, a reviewing court must undertake a four-part analysis when the state argues that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id.* Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id.* Third, the Court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if the Court has determined that a petitioner did not comply with a state procedural rule and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for her not to follow the procedural rule and that she was actually prejudiced by the alleged constitutional error. *Id.* This "cause and prejudice" analysis also applies to failure to

5

raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94 (6th Cir. 1985).

As her sole claim for federal habeas corpus relief, Petitioner asserts that her attorney refused to let her testify on her own behalf, prosecution witnesses lied, the prosecutor improperly assisted prosecution witnesses in testifying, and she was falsely convicted. These claims, being readily apparent from the face of the record, should have been raised on direct appeal, but were not. Petitioner did assert that the evidence was constitutionally insufficient to sustain her convictions; however, she failed again to raise this claim on appeal to the Ohio Supreme Court. Petitioner asserted she was denied effective assistance of appellate counsel as her sole claim on appeal to the Ohio Supreme Court. *See Exhibit 16 to Return of Writ*.

Further, Petitioner may now no longer present these claims to the state courts under Ohio's doctrine of *res judicata. See State v. Cole*, 2 Ohio St.3d (1982); *State v. Ishmail*, 67 Ohio St.2d 16 (1981); *State v. Perry*, 10 Ohio St.2d 175 (1967). The state courts were never given an opportunity to enforce the procedural rule at issue due to the nature of Petitioner's procedural default.

Further, the State of Ohio has a procedural rule that claims must be raised on direct appeal, if possible, or they will be barred by the doctrine of *res judicata*. The Court finds that Ohio's *res judicata* rule is adequate and independent under the third part of the *Maupin* test. To be "independent," the procedural rule at issue, as well as the state court's reliance thereon, must rely in no part on federal law. *See Coleman v. Thompson*, 501 U.S. 722, 732–33 (1991). To be "adequate," the state procedural rule must be firmly established and regularly followed by the state courts. *Ford v. Georgia*, 498 U.S. 411 (1991). "[O]nly a 'firmly established and regularly followed state practice' may be interposed by a State to prevent subsequent review by this Court

of a federal constitutional claim." *Id*. at 423 (quoting *James v. Kentucky*, 466 U.S. 341, 348–351 (1984)); *see also Barr v. City of Columbia*, 378 U.S. 146, 149 (1964); *NAACP v. Alabama ex rel. Flowers,* 377 U.S. 288, 297, 84 S.Ct. 1302 (1964); *see also Jamison v. Collins*, 100 F.Supp.2d 521, 561 (S.D. Ohio 1998).

The Sixth Circuit has consistently held that Ohio's doctrine of *res judicata, i.e.*, the *Perry* rule, is an adequate ground for denying federal habeas relief. *Lundgren v. Mitchell*, 440 F.3d 754, 765 (6th Cir. 2006); *Coleman v. Mitchell*, 268 F.3d 417, 427–29 (6th Cir. 2001); *Seymour v. Walker*, 224 F.3d 542, 555 (6th Cir. 2000); *Byrd v. Collins*, 209 F.3d 486, 521–22 (6th Cir. 2000); *Norris v. Schotten*, 146 F.3d 314, 332 (6th Cir. 1998). Ohio courts have consistently refused, in reliance on the doctrine of *res judicata*, to review the merits of claims because they are procedurally barred. *See State v. Cole*, 2 Ohio St.3d at 112; *State v. Ishmail*, 67 Ohio St.2d at 16. Additionally, the doctrine of *res judicata* serves the state's interest in finality and in ensuring that claims are adjudicated at the earliest possible opportunity. With respect to the independence prong, the Court concludes that *res judicata* does not rely on or otherwise implicate federal law. Accordingly, this Court is satisfied from its own review of relevant case law that the *Perry* rule is an adequate and independent ground for denying relief.

To the extent that Petitioner's claims may rely on off-the-record evidence, they properly would have been raised in a petition for post conviction relief pursuant to O.R.C. § 2953.21. The time period for filing a post conviction petition, however, has expired, and the record fails to

indicate that Petitioner can meet the strict requirements set forth in O.R.C. § 2953.23,[2] for

---

[2] O.R.C.§ 2953.23 provides:

(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

(1) Both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

(2) The petitioner was convicted of a felony, the petitioner is an offender for whom DNA testing was performed under sections 2953.71 to 2953.81 of the Revised Code or under former section 2953.82 of the Revised Code and analyzed in the context of and upon consideration of all available admissible evidence related to the inmate's case as described in division (D) of section 2953.74 of the Revised Code, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death.

As used in this division, "actual innocence" has the same meaning as in division (A)(1)(b) of section 2953.21 of the Revised Code, and "former section 2953.82 of the Revised Code" has the same meaning as in division (A)(1)(c) of section 2953.21 of the Revised Code.

consideration of her claims in an untimely post conviction action.

Petitioner may still obtain review of all of her claims on the merits if she establishes cause for her procedural default, as well as actual prejudice from the alleged constitutional violations.

> " '[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him[;] ... some objective factor external to the defense [that] impeded ... efforts to comply with the State's procedural rule."
> Coleman v. Thompson, 501 U.S. 722, 753, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

*Maples v. Stegall*, 340 F.3d 433, 438 (6th Cir. 2003). Constitutionally ineffective assistance of counsel may constitute cause for a procedural default.

Ineffective assistance of appellate counsel may constitute cause for a procedural default, so long as the claim has been presented to the state courts, and is not itself procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (citing *Murray,* 477 U.S. at 488–89). Such are not the circumstances here, as Petitioner's ineffective assistance of appellate counsel claim likewise is procedurally defaulted.  The state appellate court dismissed his Rule 26(B) application as untimely; Petitioner failed to file an appeal of that decision to the Ohio Supreme Court.  Although Petitioner raised a claim of ineffective assistance of appellate counsel on appeal to the Ohio Supreme Court, she failed to identify the basis for that claim, or what claims her attorney should have raised on appeal but did not.

Petitioner has failed to establish cause for her procedural default.

---

(B) An order awarding or denying relief sought in a petition filed pursuant to section 2953.21 of the Ohio Revised Code is a final judgment and may be appealed pursuant to Chapter 2953 of the Revised Code.

Petitioner also asserts that she is innocent of the crimes with which she has been convicted. The United States Supreme Court has held that a claim of actual innocence may be raised "to avoid a procedural bar to the consideration of the merits of [the petitioner's] constitutional claims." *Schlup v. Delo*, 513 U.S. 298, 326–27 (1995). "[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Murray,* 477 U.S. at 496. In *Schlup,* the Supreme Court held that a credible showing of actual innocence was sufficient to enable a court to reach the merits of an otherwise procedurally-barred habeas petition. *Schlup*, 513 U.S. at 317. The actual innocence claim in *Schlup* is "'not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.'" *Id.* at 315 (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)).

The actual innocence exception allows a petitioner to pursue her constitutional claims if it is "more likely than not" that new evidence-not previously presented at trial-would allow no reasonable juror to find her guilty beyond a reasonable doubt. *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005). The threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Schlup*, 513 U.S. at 317. Actual innocence is restricted to factual innocence and does not encompass mere legal insufficiency. *Souter* at 590 (citing *Bousley* v. U.S., 523 U.S. 614, 623 (1998)). Application of the actual innocence exception should be "rare" and "only in the extraordinary case." *Schlup* at 321.

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court

> is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup*, 513 U.S. at 316, 115 S.Ct. 851. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id*. at 317, 115 S.Ct. 851. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327, 115 S.Ct. 851. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup,* 513 U.S. at 324, 115 S.Ct. 851. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.' " *Id*. at 321, 115 S.Ct. 851.

*Souter v. Jones*, 395 F.3d 577, 589-90 (6th Cir. 2005)(footnote omitted).

Petitioner has not argued, and the Court's independent review of the Petition and record does not reveal that any "new facts" have arisen that undermine the result of her trial.  Petitioner cannot, therefore, establish a claim for actual innocence sufficient to avoid her procedural default.

**WHEREUPON**, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

**Procedure on Objections:**

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations

to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

 *s/ Elizabeth A. Preston Deavers*      
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**

Date:  November 22, 2013

12